## LEMUEL SIMMONS *v.* JOHN O. FAY.

A defendant against whom a verdict had been rendered, in an action for fraudulent misrepresentations of the credit of a person to whom the plaintiff was thus induced to loan money, which he lost in consequence, moved for a new trial, on the ground of newly discovered evidence, explaining and adding to conversations from which the alleged misrepresentations were inferred, or proving other parts of such conversations, and altering their effect. *Held,* that the newly discovered evidence was neither cumulative nor impeaching, so as to justify the refusal of a new trial.

In actions of this nature, similar acts are admissible in evidence, whether occurring before or after those for which a recovery is sought.

Such acts must have been of a like fraudulent character; but after similar representations have been shown, fraud in making them may be inferred from other matters proved in the cause.

A witness' opinion of a conversation, if objected to, should be excluded; but the objection must be made at the trial, to enable the opposite party to remove it, by requiring the witness to state the conversation itself, as nearly as he can remember it.

The same terms, namely, payment of costs, are imposed in granting a new trial upon newly discovered evidence, as upon the ground that a verdict is against the weight of evidence.

THE complaint in this suit charged, that through false and fraudulent representations by the defendant, of the credit and responsibility of one Holt, the plaintiff was induced to loan to said Holt $500, which had not been repaid. A verdict for that sum and interest, by way of damages, was recovered by the plaintiff against the defendant.

Holt had referred to the defendant, as to his responsibility. The evidence of the defendant's representations was by one witness, who testified that he, (witness,) at the plaintiff's request, stated to the defendant that plaintiff was about to loan Holt $500, and inquired if he was good for that sum. That the defendant replied, that Holt was perfectly good; that he (defendant) had loaned him money several times, and he was very punctual in his payments; that he was doing a first rate business, second to none in the world; and that he was a

member of the church, and considered by the defendant to be an honest man. Witness did not remember "the whole talk had." The witness further stated, that he (witness) then loaned $500 to the plaintiff, who immediately loaned the same amount to Holt.

The plaintiff took a note from Holt for the money, and endorsed it to the witness. It was claimed by the defendant, that the plaintiff was not entitled to recover, as the party in interest, and that the verdict was against the weight of evidence.

At the time of the alleged representations, Holt was largely indebted to the defendant, and several persons had judgments against him, which they were unable to collect by execution.

A witness was called for the plaintiff, for the purpose of showing that the defendant had made to him a representation similar to those upon which this suit was brought, and had thus induced him to let valuable premises to Holt. The defendant's counsel objected to proof of what the defendant said to this witness. The objection was overruled, and the witness said, "the defendant's general recommendation of Holt was favorable, so much so, that I rented to him, on the defendant's recommending. I don't remember the words."

The defendant moved, at special term, for a new trial, on the several grounds specified in the opinion, the principal of which was newly discovered evidence. From an order refusing a new trial, an appeal was taken to the general term. An affidavit of a clerk of the defendant stated, that he was in the store at the time of the alleged representations; that the defendant said he believed Holt was good, but that he would not be security for him; that the safety of the loan would depend upon his business, and whether it continued good; that he believed the business was profitable, and would pay well if judiciously managed; that the defendant did not say that Holt was perfectly good, or that the money would certainly be repaid, or that Holt was doing a business second to none in the world, nor any thing to that effect. The affidavit further stated, that he (such clerk) supposed, from the de-

Simmons v. Fay.

fendant's manner of speaking of the suit, that there was no danger of a recovery against him, and he therefore did not communicate what he knew until after the verdict was rendered. The plaintiff produced counter affidavits, to the effect that a person was observed in the defendant's store at the time of the alleged representations, but that such person was so far from the parties engaged in the interview that he could not have heard the conversation.

*Joseph S. Bosworth*, for the defendant, made and argued the following points:

I. To recover in an action of this kind, the plaintiff *must show* that the defendant *misrepresented material* matters, which, in their nature, would be operative inducements to giving credit, *with intent to defraud*, or *knowing* them to be *false*, or that he *concealed material facts* relating to the points to which he undertook to speak *with intent to defraud*. (*Allen* v. *Addington*, 7 Wend. 1; Same case, 11 Wend. 374.)

If a party is honest in the opinion expressed or advice given, no matter how unwise, erroneous, rash or indiscreet it may be, no action lies. (*Upton* v. *Vail*, 6 J. R. 181 and 184; *Young & Otis* v. *Covell*, 8 J. R. 23.)

II. The question of fraudulent *concealment* of *material facts* does not arise upon the evidence.

III. There is no evidence tending to show that he did not believe the representation to be true, which, it was sworn, he made; much less that he knew it to be untrue.

IV. The witness was contradicted, and was undoubtedly incorrect in several material matters to which he testified. How far that should affect his credibility generally, is conceded to be a question for the jury. But if undeniably *inaccurate*, or false in other material matters, the court may be inclined to grant a new trial, on the ground of *newly discovered evidence, that he is entirely inaccurate in relation to the representations made*, without holding the defendant to proof of as much diligence to obtain it on the trial had, as it would otherwise de-

mand. He swore that he did not remember the whole conversation.

V. A new trial should be granted on the ground of newly discovered evidence. It is unquestionable, that if this evidence had been given, the jury ought to have found for the defendant. The fact that the witness is and was a clerk of the defendant, is not *per se* enough to charge the defendant with the want of reasonable diligence.

In *Williams* v. *Baldwin*, 18 J. R. 489, it was shown that defendant's agent, who prepared the defence, *knew before the trial*, that the *endorsement* on the note was in the handwriting of *Tappan*, the defendant's clerk. On the ground of *such knowledge*, and because Tappan was shown to be unworthy of credit, the court refused a new trial. It said these facts "excite a strong suspicion that the *defence* is *colorable only*."

In *The People* v. *The Superior Court*, 10 Wend. 285, it appeared that *Russell*, the newly discovered witness, was *the person* whose business it was to know the fact *litigated;* that the *entry* relating to it was in his *handwriting;* and that his testimony was, at one time *before* the *trial, known* to the *cashier*. For this reason, mainly, the supreme court granted a mandamus, directing the superior court to vacate the rule awarding a new trial. Even in that case the superior court thought a new trial should be granted, on the ground of newly discovered evidence.

Here Fay was not aware that his clerk knew anything about the representations made. His silence was *calculated* to prevent the occurrence of the thought that he might have heard it. This evidence goes to the *merits*. It is not *cumulative*. The defendant gave no evidence to *this* point. That it *indirectly* impeaches Bishop by showing him inaccurate, is no objection. It goes to the *merits*, and not merely to impeach a witness. (*Seely* v. *Chittenden*, 4 How. Prac. R. 266.) It states that Fay expressly affirmed, "*that the safety* of the loan would depend on Holt's business, and whether it continued good." This is vital testimony.

Bishop swore the conversation with Fay was a hasty one.

Simmons v. Fay.

He did not even sit down, and "did it as quick as he could."
Again : "I can't remember the whole talk we had."

VI. The court erred in admitting the testimony of Tiffany.
It was of a conversation two months prior to the representation
in question. Tiffany did not testify to the words of *any con-
versation*, but stated his opinion of its character and legal ef-
fect. This is *clearly* incompetent. "The general recommen-
dation" might have been "favorable ;" might have been one
merely of *opinion*, and have been *undeniably true ;* and for
aught that the court or jury knew, it was such ; and yet it was
allowed as competent evidence to prove that the representa-
tions made by Fay were made with a *fraudulent intent*. Other
representations, to be admissible, must relate to a case in which
a *fraudulent intent is manifest*, else they do not tend to prove,
and cannot be admitted to prove, a fraudulent intent in the case
in which it is sought to be established.

In *Rowley* v. *Bigelow*, 12 Pick. 308, the *other* transactions
allowed to be proved were incontestibly fraudulent, and were,
therefore, admitted to establish *quo animo* of the representa-
tions in the case on trial.

The cases cited in *Carey* v. *Hotailing*, 1 Hill, 316, are dis-
tinguished by the same feature. A plaintiff is permitted to
establish a fraudulent intent in his case, by showing cotempora-
neous transactions of a similar nature in which the fraudulent
intent was apparent ; from proof of it, in such cases, the jury is
allowed to infer it in the case in hand.

But other transactions, in themselves free from all imputa-
tion of fraud, are no evidence that the one on trial was fraudu-
lent. There is no safety in reasoning upon the effect this evi-
dence may have had upon the jury. (*Clark* v. *Crundall*, 3d
Barbour's Supreme Court R. p. 615.)

VII. There is every reason to believe that substantial justice
has not been done by the verdict, and all the grounds require
the court, in a fair exercise of its discretion, to grant the de-
fendant another trial.

*C. Bainbridge Smith*, for the plaintiff, made and argued the following points:

I. The defendant's motion for a new trial, on the ground of newly discovered evidence, should not be granted, for, among other, the following reasons:

1. The affidavit on which the motion is founded, to say the least, is very suspicious.

2. The defendant has been guilty of *laches*. (*People* v. *Superior Court*, 10 Wend. R. 285.)

3. The newly discovered evidence is contradicted, and therefore would be cumulative. (*Harbour* v. *Rayburn*, 7 Yerg. R. 432.)

4. The defendant, himself, does not deny the truth of the representations made by him, which are sought to be *contradicted by the clerk of the defendant* in his newly discovered evidence.

5. The alleged "newly discovered evidence" involves only the matter litigated on the trial, and does not "*relate to any new fact.*" (*Harrington* v. *Bigelow*, 2 Denio R. 109; Graham on New Trials, pp. 463—4.)

6. The newly discovered evidence only goes to impeach the witness on the part of the plaintiff. (2 Denio R. 109, and cases cited; 10 Wend. R. 285.)

II. There is no ground to set aside the verdict as against the weight of evidence. The plaintiff was entitled to recover, if the defendant made a false affirmation with intent to defraud the plaintiff whereby he received damage. (*Pasley* v. *Freeman*, 3 T. R. 51; *Ward* v. *Center*, 3 John. R. 271; *Upton* v. *Vail*, 6 Id. 181; *Allen* v. *Addington*, 7 Wend. R. 9; *Id.* 10; Id. 374; *Williams* v. *Wood*, 14 Id. 126.)

The defendant represented that Holt was perfectly good, and that he was doing a business second to none in the world. Holt was in the habit of referring to defendant. Defendant always gave such representations as enabled Holt to get credit. When the defendant made the representations complained of, he knew that Holt had been ejected from his store, and his business thereby broken up.

III. The plaintiff was likewise entitled to a verdict, if the defendant falsely and fraudulently suppressed or concealed material facts concerning the character, credit and responsibility of Holt, whereby he was induced to loan the money in question.

The defendant concealed the fact of Holt's indebtedness to him, amounting to $3,000. He concealed the indebtedness of Holt to his brother-in-law, (Dummer,) his judgment of $2,500 to $3,000, and *his claim* upon Holt's entire stock of goods.

The defendant concealed the fact, that Holt had no capital except what was borrowed; that Holt was indebted to him, Dummer, and others, to the amount of $5,000; that Holt had been sold out under an execution; that Holt had been ejected from the premises in Fulton street, and that thereby his business had been broken up. These important facts were known to the defendant in August, 1848, and which he concealed from the plaintiff in the following September.

IV. The "newly discovered evidence" in fact corroborates the allegations in the complaint, and the plaintiff's testimony "that the defendant fraudulently concealed material facts concerning the credit, character and responsibility of Holt." The defendant's motion, therefore, must be denied; for "that the evidence would not produce a different verdict, is not material to the issue." "In considering the motion, the court will not inquire whether, taking the newly discovered evidence in connection with that exhibited on the trial, a jury might be induced to give a different verdict; *but whether the legitimate effect of such evidence would be to require a different verdict.*" (*Moore* v. *Phila. Bk.* 5 Serg. and R. 4; *The Commonwealth* v. *Murray,* 2 Ash. 41; *The Commonwealth* v. *Williams,* 2 Id. 69; Graham on New Trials, 463; *People* v. *Superior Court,* 10 Wend. 285.)

V. The questions of fraud and the credibility of witnesses were disposed of by the jury. A verdict will not be set aside in an action on the case for a false recommendation, as against evidence, unless it be *clearly* and *manifestly* so. (*Culver* v. *Avery,* 7 Wend. R. 380.)

By THE COURT. INGRAHAM, FIRST J.—The defendant moved for a new trial, on the ground of newly discovered evidence, and also for alleged errors on the trial, and that the verdict is contrary to evidence. This motion was denied at the special term, and the defendant has appealed to the general term.

The newly discovered evidence is objected to on the ground that it is cumulative and impeaching. Upon the trial the plaintiff proved conversations with the defendant, recommending Holt as good and responsible, on which he relied to support his action. The defendant offered no testimony on this point. I am at a loss to see how the evidence now offered can be called cumulative. It is not to sustain the testimony of Bishop, or of any other witness sworn on the trial, but to prove parts of a conversation which Bishop did not prove. Nor would the objection be availing if Bishop had testified more fully as to the conversation, unless he had spoken of this part of the conversation.

I should, however, think testimony cumulative, if it was a repetition of what a witness, called by the adverse party, had testified to. It is conceded it would be so in reference to witnesses on the part of the party moving for a new trial, and certainly it can be no cause for a contrary rule, that the testimony to which the new evidence is cumulative, comes from the opponent's witness, whose character for truth cannot be disputed by the party who called him.

Nor do I think this testimony can be called impeaching testimony. It may incidentally have such an effect, but it does not necessarily follow that such should be the consequence. It may be considered as a portion of conversation which the other witness did not hear, or has forgotten or misunderstood.

As I have come to the conclusion that the newly discovered evidence is sufficient to entitle the plaintiff to a new trial, I deem it unnecessary to discuss the question, whether the verdict was contrary to evidence, as the same terms of granting a new trial, viz., the payment of costs, are imposed in both cases. The evidence, on some points, may be slight, but I am not prepared to say that the judge could have nonsuited the plain-

tiff with propriety, and if not, then the decision upon the facts belonged to the jury. The testimony of Tiffany was objected to, on the ground of irrelevancy, and not that the witness stated his opinion of the conversation. The latter ground, if it had been taken at the trial, would be a good one for excluding it. If it had been taken then, the objection could have been removed by requiring the witness to state the conversation itself, as near as he could remember it.

It can hardly be disputed, that similar acts with those complained of are admissible in evidence in actions of this character, whether before or after the alleged false representations. They must be of a similar character; that is, of a fraudulent character; but such fraud may be inferred from showing a representation, such as is proved here, and then by asking the jury to infer knowledge of its falsity from other matters proved in the cause. I do not see any error in this ruling.

My conclusion is, that a new trial should be granted, on payment of costs.